## DUNLAP v. GOODING & ELLIOTT.

Where a mother allows her son to hold a mare out to the world as his property, and he sells it as his own to a stranger, who, in payment, drew an order on defendants, and they give to the son therefor a due bill payable to himself which was declared to be not transferrible, the defendants are *affected* by the conduct of the mother, and in action by her on the due bill, she is estopped from denying the son's ownership, and the defendants may interpose as defences discounts against the payee and payments to him.

Before ALDRICH, J., Fairfield, February, 1884.

The opinion of the court fully states the case.

*Mr. E. B. Ragsdale,* for appellant.

*Mr. C. A. Douglass,* contra.

April 21, 1885. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. This was an action by Charlotte T. Dunlap against Gooding & Elliott on a due bill in the following terms: "Due Thomas R. Dunlap on demand $100. This D. B. not transferrible. January 16, 1883. (Signed) Gooding & Elliott." This due bill was given under the following circumstances: Thomas R. Dunlap, a young man 23 years of age, lived with his mother, the plaintiff, and, she being a widow, transacted most of her business. He had in his possession a mare, and sold her to one Moss for the sum of $100, who, upon delivery of the animal, paid for her by giving to the said Thomas R., in his own name, an order for the amount on Gooding & Elliott. The said Thomas R. presented the order to Gooding & Elliott, who accepted the order and gave him in payment the due bill sued on. When payment was demanded by the said Thomas R., the defendants claimed that they had an account against him for $48.07, and that they should have a discount for that sum. This method of payment not being satisfactory, they applied to the account enough to pay it, and paid the remainder, $51.93, on a judgment against the said Thomas R., in favor of W. R. Doty & Co., and produced the sheriff's receipt therefor.

The plaintiff, mother of Thomas R., then sued Gooding & Elliott on the aforesaid due bill, alleging that, although given to Thomas R., and in his name and not transferrible, it was her property, having been given in payment for the mare, which belonged to her, and was sold by the said Thomas R. as her agent. The defendants denied her right to recover on the due bill, which was the property of Thomas R., and had been paid as above stated. The evidence was somewhat contradictory as to whether the mother or son was the owner of the mare. But

if the jury took the view that the mare belonged to the mother, the judge refused to charge as requested, "that if the jury find that the plaintiff had allowed Thomas R. Dunlap to hold out to the world this mare as his own property, still if Gooding & Elliott had not been affected by such conduct, they could not urge this in bar of her recovery;" but, on the contrary, charged "that if the plaintiff, C. T. Dunlap, in this case had allowed Thomas R. Dunlap to hold this mare out to the world as his own property, she would be estopped from denying that fact." The jury found for the defendants, and the plaintiff appeals, alleging error both in the charge and the refusal to charge.

We assume that the appellant is right when he insists that, in order to estop a party by conduct, that conduct must be shown to have affected others. But what seems to be the difficulty in this case appears to us to be more apparent than real, growing out of the fact that Moss, the purchaser of the animal, is not a party before the court. If the plaintiff, acting in the view that the animal sold was her property, had sued Moss, the purchaser, either for the mare or the purchase money, there could be no question of the correctness of the proposition charged by the judge, "that if Mrs. Dunlap allowed her son to hold himself out to the world as the owner of the mare, she would be estopped from denying the fact." Moss, the purchaser, was certainly affected by such conduct. He was an innocent third party. He found the animal in the possession of Thomas R. Dunlap, who made no disclosure of any agency, but, on the contrary, claimed the animal as his own, and not only as such sold her, but accepted in payment an order payable to himself, and presented that order and received therefor a due bill payable to himself and made not transferrible. So far as concerns Moss, there could be no question that he was *affected* by the conduct of the plaintiff in allowing her son to hold himself out as the owner of the animal; and as to him she was estopped. "It is now a well-established principle that when the true owner of property holds out another, or allows him to appear, as the owner of, or as having full power of disposition over, the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend

upon the actual title or authority of the party with whom they have directly dealt, but they are derived from the act of the real owner, which precludes him from disputing, as against such third party, the existence of the right or power which he caused or allowed to appear to be vested in the party making the sale." *Big. Estop.*, 434.

It is ingeniously urged, however, that while this would be sound as to Moss, the purchaser, the benefit of it cannot be extended to the defendants, Gooding & Elliott, who had nothing to do with the horse trade, but simply accepted an order upon them by Moss in favor of Thomas R. Dunlap, without even knowing, it may be, out of what transaction the order arose, and therefore they were not *affected* by the aforesaid conduct of the plaintiff. If this were the correct view, then the plaintiff should not have been allowed to offer any evidence as to the ownership of the animal or the trade at all, but should have been required to stand on the due bill, according to its terms, which was not transferrible; such was the extent of the defendants' contract by its own terms. But it was necessary to connect the due bill sued on with the sale of the animal as claimed belonging to her, in order to give her a status in court. Both sides seem to have taken it for granted that the sale of the mare to Moss and the giving of the due bill by the defendants were parts of the same transaction; and in that view the judge could not charge, as requested, that Gooding & Elliott had not been *affected* by the conduct of plaintiff, and could not urge that in bar of her recovery. The plaintiff herself made the execution of the due bill for the price of the mare part and parcel of the sale transaction, and therefore it must be considered that her conduct in its effects reached to the defendants who executed the due bill for the purchase money. We do not think the plaintiff could connect the defendants with the horse trade and at the same time isolate them and cut them off from a defence legitimately arising out of that transaction.

The judgment of this court is that the judgment of the Circuit Court be affirmed.